**MILLIE PATENT HOLDING CO., Inc., v. JOSEPH TETLEY & CO. et al.**

No. 142.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1933.

Redding, Greeley, O'Shea & Campbell, of New York City (William B. Greeley, Ambrose L. O'Shea, and William J. Millard, all of New York City, of counsel), for appellant.

William G. McKnight, of New York City, for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The patent in suit is for a machine to pucker, trim, and fasten the mouth of gauze tea bags; little bags of tea to be dropped into a cup or pot, a convenient and now very common way of brewing the beverage. It presupposes that the bags have already been made and filled, and that the operator shall place them separately within the jaws of an intermittently rotating wheel, which feeds them into a second such wheel, where they are puckered, trimmed, and fastened, and from which they are dislodged. The first step is to pucker them, by driving the unclosed end into a slot on the second wheel. The wheel, holding the puckered bag, then moves ninety degrees, and makes a stop, during which the protruding top is trimmed. After a further rotation of ninety degrees, the neck is closed during the next stop of the wheel by a metal band. At the end of a third movement of ninety degrees, the completed bag is pushed out of the slot that has held it throughout. The several mechanisms by which each process is accomplished we need

616

not describe; concededly the defendant has not borrowed any· of them. Its machine makes the bags, fills them, puckers and trims the top, fastens the mouth and dislodges them upon a traveling conveyor. It is only in the steps common to both that the defendant is alleged to infringe; and only in the sequence of those steps, and in the fact that during them the bags are held on an intermittently rotating wheel, is there any resemblance even then. The puckering is done off the wheel; it and the trimming are done by quite different mechanisms, and the tying is by a string turned several times about the neck and made fast by an ingenious and complicated device, wholly unlike anything in the disclosure.

The language of the claims in suit need not detain us; we may assume that verbally they would cover; but, unless the invention can be so broadly construed as to extend to the common features, they must be limited by the specifications, if they are to survive at all. Conceivably, were the field empty, we might say that the mere concept of automatically performing these processes in the prescribed sequence might be an invention. We doubt it; but for argument we may so assume. The invention becomes more concrete, when this sequence is further defined as being carried on while the bags are held on an intermittently rotated wheel. A fortiori, that would be an invention, if the bare concept were. But we need not go into such speculations, for the general notion was old in the art; not, it is true, to close tea bags—indeed the patent is not confined to that—but bags of any kind (Bates, 1,272,603). Bates's machine had an intermittently rotating wheel, with slots into which the neck of the bag was forced, thus puckering it. At a later step in its movement, the bag was closed by wire, still being held in the slot. Finally it was dislodged. True, the top was not trimmed; though there had been machines to trim the tops of tea bags before the application in suit was filed (Kleidman, 1,-513,464).

Given the conception of a bag puckered, closed, and dislodged, while held in such a· wheel, and that of automatically trimming the top, it seems to us extreme to say that it required more than routine ingenuity to ·think of trimming while the bag remained in situ, and as a step in one sequence. Yet this is all that we can find that the patent has contributed, unless we descend to the details, which concededly would avoid infringement. The plaintiff answers that Bates's disclosure

was not for tea bags, and that is true. We do not suggest that, when a new use of an old device is conceived, slight modifications in structure, if necessary to the new use, will not serve to support a patent; they will. But here the claims must be expanded to a much more generalized pattern, if they are to cover. The more abstractly the patentee must read his monopoly, the broader the. art to which he exposes its validity. It is not enough in such cases to say that putative anticipations were not pat to the use; to escape them he must show that their adaptation, themselves taken as broadly as he would read his own, was not a ready expedient. Bags are bags; what will close the mouth of one will close another's. We could not save the claims at all, if we were to give them a reach long enough to comprise the defendant's machine.

Decree affirmed.